# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | No. 23-1890 |
|---|---|
| **Originating No. & Caption** | No. 8:23-cv-01380-DLB, Mahmoud v. McKnight |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1292(a)(1) | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | August 24, 2023 | |
| Date notice of appeal or petition for review filed | August 25, 2023 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |
| If appeal is not from final judgment, why is order appealable? This is an appeal from an order denying a preliminary injunction, which is an appealable interlocutory order under 28 U.S.C. 1292(a)(1). | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ◯ No |
| Has transcript been filed in district court? | ◯ Yes | ⦿ No |
| Is transcript order attached? | ⦿ Yes | ◯ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | 22-2034 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ⦿ Yes | ◯ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ◯ No |
| Does case involve question of first impression? | ⦿ Yes | ◯ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ◯ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See attached. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the district court erred in denying Appellants' motion for a preliminary injunction by finding that the Parents failed to allege violations of the Free Exercise Clause of the First Amendment or the Due Process Clause of the Fourteenth Amendment. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Monifa B. McKnight<br>in her official capacity as Superintendent<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) | Adverse Party: The Montgomery Cnty. Bd. of Edu.<br><br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) |
| **Adverse Parties (continued)** ||
| Adverse Party: Shebra Evans<br>in her official capacity as member of Board of Edu.<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) | Adverse Party: Lynne Harris<br>in her official capacity as member of Board of Edu.<br>Attorney: Various (see attached)<br>Address: Various (see attached)<br><br>E-mail: Various (see attached)<br>Phone: Various (see attached) |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Tamer Mahmoud<br><br>Attorney: Various (see attached)<br>Address: The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br><br>E-mail: Various (see attached)<br><br>Phone: 202-955-0095 | Name: Enas Barakat<br><br>Attorney: Various (see attached)<br>Address: The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br><br>E-mail: Various (see attached)<br><br>Phone: 202-955-0095 |
| **Appellant (continued)** ||
| Name: Jeff Roman<br><br>Attorney: Various (see attached)<br>Address: The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br><br>E-mail: Various (see attached)<br><br>Phone: 202-955-0095 | Name: Svitlana Roman<br><br>Attorney: Various (see attached)<br>Address: The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br><br>E-mail: Various (see attached)<br><br>Phone: 202-955-0095 |

**Signature:** /s/ Eric S. Baxter    **Date:** _____

**Counsel for:** Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:            Date:

## Docketing Statement Supplemental Information

**Nature of the Case:**

This case asks whether the Montgomery County School Board in Maryland can subject elementary-age children to instruction on gender and sexuality that violates their religious beliefs without providing parental notice and the right to opt out.

Appellants (the "Parents") are religious parents from a wealth of faith traditions whose children attend Montgomery County Public Schools ("MCPS") operated by Appellees Montgomery County Board of Education and its superintendent and board members (the "School Board"). Last fall, the School Board introduced a series of storybooks (the "Pride Storybooks") to be read to students beginning in pre-K. Rather than focus on teaching basic civility and kindness toward all, the new books encourage children to question their sexuality and gender identity, focus prematurely on romantic feelings toward their classmates, and embrace gender transitioning. When these books were first introduced, the School Board promised parents they would be notified when the books were read (and they were), and that they could opt their children out (and many did). But on March 23, 2023, the School Board announced that parents would no longer receive notice that the Pride Storybooks were going to be read and their children would no longer be allowed to seek opt outs.

Joined by Kids First, an association of religiously diverse MCPS parents and teachers, the Parents sued, alleging violations of the First and Fourteenth Amendments of the federal Constitution and Maryland law. Seeking to restore the status quo before the August 28, 2023 start of the 2023-2024 academic year, the Parents filed a motion for a preliminary injunction in June. On August 24, 2023, the district court denied that motion, finding that the Parents failed to allege that MCPS burdened their or their children's religious exercise and that they had not alleged a fundamental right under the Due Process Clause.

**Adverse Parties Continued:**

1. Grace Rivera-Oven, in her official capacity as member of the Board of Edu.
2. Karla Silvestre, in her official capacity as member of the Board of Edu.
3. Rebecca Smondrowski, in her official capacity as member of the Board of Edu.
4. Brenda Wolff, in her official capacity as member of the Board of Edu.
5. Julie Yang, in her official capacity as member of the Board of Edu.

**Adverse Parties Attorneys & Contact Info:**

Alan E Schoenfeld
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Ctr.
250 Greenwich St.

New York, NY 10007
2129377294
Fax: 2122308888
Email: alan.schoenfeld@wilmerhale.com

Bruce M Berman
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
2126636000
Fax: 2026636363
Email: bruce.berman@wilmerhale.com

Cassandra A. Mitchell
7 World Trade Center
250 Greenwich Street
New York City, NY 10007
212-937-7273
Email: cassie.mitchell@wilmerhale.com

Emily Barnet
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8868
Email: emily.barnet@wilmerhale.com

Jeremy W. Brinster
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
202-663-6085
Email: jeremy.brinster@wilmerhale.com

Thomas Bredar
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-295-6343
Email: thomas.bredar@wilmerhale.com

**Appellants Continued:**

1. Chris Persak, in his individual capacity and ex rel. his minor children
2. Melissa Persak, in her individual capacity and ex rel. her minor children
3. Kids First, an unincorporated association

**Appellant's Attorney & Contact Info:**

Eric S. Baxter
William J. Haun
Michael J. O'Brien

The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095
ebaxter@becketlaw.org
whaun@becketlaw.org
mobrien@becketlaw.org

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style: Mahmoud v. McKnight
Dist. Ct. No. 8:23-cv-01380-DLB    District of Maryland
Date Notice of Appeal filed: 08/25/23    Court of Appeals No. 23-1890
Name of Court Reporter/Electronic Rec. (use separate form for each reporter): Patricia Klepp
Address of Reporter: 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770

Appellant must order any necessary transcript within 14 days of noting the appeal by completing a separate transcript order form for each reporter and a single order form for all electronic recordings requested, submitting the orders to the court reporters and the district court, and attaching copies to the docketing statement filed in the court of appeals. The transcript order form should <u>not include</u> requests for transcripts that are on file or are on order. The completed order form must show that necessary financial arrangements have been made. In CJA cases, counsel must certify that AUTH-24 requests have been submitted through the **district court's eVoucher system** for approval by the district judge. Once the transcript has been prepared, counsel also submits the CJA-24 voucher for payment in the district eVoucher system. For assistance, see District eVoucher Contacts for Transcript Authorization and Payment.

In sentencing appeals, a transcript of the sentencing hearing must be ordered. In <u>Anders</u> appeals, plea (or trial) and sentencing transcript must be ordered, along with any necessary hearing transcripts (e.g., suppression hearings). In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page. Co-defendants may obtain paper or electronic copies of prepared transcript from the court reporter, co-counsel, or the district court.

If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so.

Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should obtain full-size transcript from the court reporter, since condensed transcript may not be used in the appendix. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Specific CJA authorization is required for opening and closing statements, voir dire, and instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☐ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☑ Pre-Trial Proceedings (specify) | Hearing on August 9, 2023 (Motion for Preliminary Injunction) |
| ☐ Testimony (specify) | |
| ☐ Other (specify) | |

**TOTAL ESTIMATED PAGES** 117

B. ☐ Expedited transcript completion requested within ☐ 14 days ☐ 7 days ☐ 3 days.

C. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made as follows:
   ☑ Private funds. (Deposit of $ 427.05 enclosed with court reporter's copy. Check No. 1212 .)
   ☐ CJA AUTH-24 request submitted in district eVoucher system.
   ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
   ☐ Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 authorization necessary.
   ☐ United States appeal.

D. Transcript is requested in ☐ paper format  ☑ electronic format

Signature: /s/ Eric S. Baxter    Typed Name: Eric S. Baxter
Address: 1919 Pennsylvania Ave. NW, Suite 400, Washington DC 20006
Email: ebaxter@becketlaw.org    Telephone No. (202) 955-0095
Date Sent to Reporter: 08/14/23

11/25/2019 CAD