WILMERHALE

September 14, 2023

**Alan E. Schoenfeld**

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

VIA CM/ECF

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

   Re: *Mahmoud v. McKnight*, No. 23-1890
     Response to Plaintiffs' Rule 28(j) Notice of Supplemental Authority

Dear Ms. Anowi:

  Defendants-Appellees respectfully submit this response to Plaintiffs-Appellants' Supplemental Authority. Yesterday, a divided en banc panel of the Ninth Circuit held that a public school district violated the Free Exercise Clause when it rescinded official recognition of a religious student group for violating the district's anti-discrimination policy, while exempting secular student groups from that same policy. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist.*, 2023 WL 5946036, at *3-4 (9th Cir. Sept. 13, 2023) (en banc) ("*FCA*"). That decision does not support Plaintiffs' motion for injunction pending appeal for at least five reasons.

  *First*, by derecognizing a student group for violating its anti-discrimination policy, the school district in *FCA* "penalized [the group] based on its religious beliefs." *Id.* at *3. By contrast, Defendants have not burdened, let alone penalized, Plaintiffs' religious exercise by exposing their children to instructional materials with LGBTQ characters. Dkt. 29 at 10-14.

  *Second*, the district in *FCA* violated *Fulton* because it retained the discretion to exempt groups from the policy "case-by-case," based on "common sense," allowing it "'to decide which reasons for not complying … are worthy of solicitude.'" 2023 WL 5946036, at *16-17. Here, Defendants' across-the-board no-opt-out policy does not violate *Fulton* because it permits no exemptions. Dkt. 29 at 17-18.

  *Third*, in *FCA*, the district's discretion resulted in a "pattern of selective enforcement" targeting a religious group but not "comparable selective secular organizations," violating *Tandon*. 2023 WL 5946036, at *18. Defendants' policy treats religious and secular conduct the same and therefore does not violate *Tandon*. Dkt. 29 at 15-16.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing Berlin Boston Brussels Denver Frankfurt London Los Angeles New York Palo Alto San Francisco Washington

**WILMERHALE**

Nwamaka Anowi, Clerk
Page 2

  *Fourth*, officials in *FCA* displayed animus "exceeding that present in *Masterpiece Cakeshop* or *Lukumi*." 2023 WL 5946036, at *20. They "disparaged FCA's beliefs by calling them 'bullshit'" and labeled FCA "charlatans." *Id.* Defendants showed no such hostility. Dkt. 29 at 18-20.

  *Finally*, *FCA* was decided on the merits, and thus did not require the strong showing of likelihood of success Plaintiffs must make to warrant interim relief. Moreover, three judges chided the *FCA* majority for "imprudently address[ing] open questions of law" at the preliminary-injunction stage. 2023 WL 5946036, at *37 (Smith, J., concurring).

Respectfully submitted,

/s/ *Alan E. Schoenfeld*
Alan E. Schoenfeld

Word Count: 349

cc: Counsel of record (via ECF)